# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 8256 |
| | ) | |
| JOSE LUIS PEREZ, indv. and d/b/a LA | ) | Judge John J. Tharp, Jr. |
| PIRAMIDE RESTAURANT INC. d/b/a | ) | |
| LA PIRAMIDE RESTAURANT and LA | ) | |
| PIRAMIDE RESTAURANT INC. d/b/a | ) | |
| LA PIRAMIDE RESTAURANT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this Federal Communications Act case, Plaintiff J&J Sports Productions, Inc. ("J&J Sports"), a distributor of viewing rights to televised sports events, accuses La Piramide Restaurant and one of its owners, Jose Luis Perez, of illegally intercepting and exhibiting a broadcast of a World Boxing Organization program in violation of 47 U.S.C. §§ 605, 553. The plaintiff now moves for summary judgment. For the reasons explained below, the motion is denied.

### I. Background

The facts of this case are taken primarily from the plaintiff's Local Rule 56.1 statement of material facts. La Piramide Restaurant, Inc., did not respond to the plaintiff's motion, and while Perez filed a two-page document in response, it did not contain responses to each numbered paragraph in the plaintiff's statement pursuant to Local Rule 56.1(b)(3)(B), nor did it include any statement of additional material facts pursuant to Local Rule 56.1(b)(3)(C). As a consequence of the defendants' collective failure to properly respond (or respond at all) to the plaintiff's

statement of material facts, all facts in its statement are deemed admitted. *See* Local Rule 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). The Court must still construe those facts in the light most favorable to the defendants as well as draw all reasonable inferences in their favor. *See Keeton v. MorningStar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012).

Plaintiff J&J Sports paid for and was granted the exclusive nationwide television distribution rights to the "Manny Pacquiao v. Shane Mosley, WBO World Welterweight Championship Fight Program" ("Program"), which took place on May 7, 2011. Aaron Lockner, a private investigator fired by J&J Sports, attests that on May 7, 2011, he was present in La Piramide Restaurant for approximately five minutes while the Program was being televised and observed the Program being shown on one television. Lockner performed three head counts during the time that he was in the establishment, which a holds a capacity of 50 people, counting 14, 14, and 12 patrons in each respective count. Lockner submitted a written report to J&J Sports regarding his observations. Pl.'s Ex. C. The rate for an establishment with seating for 1 to 50 patrons to purchase the right to show the Program on televisions within its establishment was $2200. During discovery, defendant Perez admitted in response to the plaintiff's request for admissions that the defendants did not order the Program for La Piramide Restaurant. Pl.'s Ex. F.

J&J Sports filed this action alleging that the defendants knowingly and willfully violated certain provisions of the Communications Act of 1934 ("Act"), 47 U.S.C. § 605, and the Cable Communications Policy Act of 1984, 47 U.S.C. § 553, by unlawfully intercepting and exhibiting the Program on May 7, 2011. J&J Sports now moves for summary judgment against the defendants pursuant to § 605 only. After receiving extensions on the time he had to respond to

the motion, Perez, who is proceeding *pro se*, now opposes the motion[1]; no appearance has been entered and no filing has been made on behalf of La Piramide Restaurant, Inc.

## II. Discussion

Summary judgment is appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "To survive summary judgment, the nonmovant must produce sufficient admissible evidence, taken in the light most favorable to it, to return a jury verdict in its favor." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 603 (7th Cir. 2012) (citing *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 696 (7th Cir. 2010)). Although La Piramide Restaurant, Inc., failed to respond to this motion, "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1 does not . . . automatically result in judgment for the movant." *Keeton*, 667 F.3d at 884 (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)). The moving party "must still demonstrate that he is entitled to judgment as a matter of law." *Id.* Since J&J Sports is the movant, the Court views the facts in the light most favorable to the defendants and draws reasonable inferences in their favor. *See Tebbens v. Mushol*, 692 F.3d 807, 815 (7th Cir. 2012) (citing *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 653 (7th Cir. 2010)).

With exceptions that have not been invoked here, 47 U.S.C. § 605(a) states:

> [No] person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person

---

[1] Perez filed a document titled "Memorandum in Support of Defendants' Motion for Summary Judgment." Dkt. 25. The content of the document suggests that it is Perez's response to the plaintiff's motion for summary judgment, not a cross-motion for summary judgment. The Court therefore construes it as such and denies the plaintiff's request to strike it as moot.

> other than the addressee, his agent, or attorney . . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication . . . for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. 605(a). The statute is generally interpreted to prohibit commercial establishments from intercepting and broadcasting satellite and cable television programming. *See United States v. Norris*, 88 F.3d 462 (7th Cir. 1996); *see also J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351 (5th Cir. 2014).

The Court considers this motion as to each of the defendants named in the caption separately, beginning with "La Piramide Restaurant Inc. d/b/a La Piramide Restaurant." J&J Sports has presented evidence that the Program was shown at the La Piramide Restaurant on May 7, 2011, on a television visible to the establishment's patrons. Perez has admitted that to his knowledge, no one acquired a license to show the Program on behalf of the Restaurant. But as the documents that J&J Sports submitted in support of its motion show, La Piramide Restaurant, Inc., dissolved in 2006, well before the events at issue in this case. J&J Sports has not offered any explanation for why it should be liable despite having been dissolved at the relevant time. The summary judgment motion is therefore denied as to La Piramide Restaurant, Inc.

Turning to the other defendant, J&J Sports seeks to hold Perez liable individually and "d/b/a La Piramide Restaurant Inc. d/b/a La Piramide Restaurant." Problematically, however,

J&J Sports does not assert or develop an argument as to why or under what standard Perez should be held individually liable.[2] In similar cases, most courts assess the propriety of imposing individual liability on a corporate officer where the criteria of the copyright benefit-and-control test are met. *See, e.g.*, *Joe Hand Promotions, Inc. v. Bragg*, No. 13 C 02725, 2014 WL 2589242, at *5 (S.D. Cal. June 10, 2014); *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, No. 11 C 02438, 2014 WL 994382, at *3-4 (D.S.C. Mar. 13, 2014). Under that test, an individual that has the right and ability to supervise the activity and a financial interest in it, or an individual who personally participated in the activity may be liable. *See Hard Rock Cafe Licensing Corp. v. Concession Services, Inc.,* 955 F.2d 1143, 1150 (7th Cir. 1992) (quoting *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1162 (2d Cir. 1971)). Defendant Perez was an owner and officer of defendant La Piramide Restaurant, Inc., but even assuming for the sake of argument that such status satisfies the benefit-and-control test, that fact means nothing here, since the company had been dissolved some five years before the cablecast of the Pacquiao-Mosely fight in 2011. The corporation cannot be liable for conduct that occurred after it was dissolved, so neither can its owners be liable on the basis of their right to control the corporation's activities.

Further, J&J Sports has not adduced evidence that Perez personally participated in the interception of the Program or that he was present when the Program was shown in the restaurant. Perez may be a partner in La Piramide Restaurant (though the plaintiff did not specifically allege this fact in its Rule 56.1 statement), but even so, J&J Sports offers no facts regarding the scope of his authority within the partnership to support an argument that he meets

---

[2] This is not the first such case in which J&J Sports has failed to articulate such an argument when moving for summary judgment. *See J & J Sports Prods., Inc. v. Resendiz*, No. 08 C 4121, 2009 WL 1953154, at *2 n.1 (N.D. Ill. July 2, 2009).

the criteria of the benefit-and-control test.[3] The plaintiff has therefore failed to meet its burden to establish its right to judgment as a matter of law.

\* \* \*

For the reasons stated above, the plaintiff's motion for summary judgment is denied. A status hearing is set for August 14, 2014, at 9:00 a.m.

Date: August 1, 2014

John J. Tharp, Jr.
United States District Judge

---

[3] Perez asserts that he worked as a "chief" on a part-time basis. This may mean "chef," in light of his deposition testimony that he worked part-time as a cook. *See* Perez Dep. 26:3-10, Dkt. 22-7. This suggests that there exists a dispute of fact over his right and ability to supervise the activities in question.